**LUMBERMENS MUTUAL CASUALTY CO., Relator,**

v.

**The Honorable Robert GARZA, Judge, 138th District Court, Respondent.**

No. 13–89–357–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 18, 1989.

Rehearing Denied Oct. 5, 1989.

Alan J. Couture, Brin & Brin, Corpus Christi, for appellant.

Dana Allison Lester, Allison, Chavez & Sweetman, Brownsville, for appellee.

Before KENNEDY, UTTER and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Lumbermens Mutual Casualty Company filed this original proceeding complaining of the trial court's order granting a motion to compel production of documents which was based upon discovery requests which were filed and served on Lumbermens during a time in which the case was abated. We agree that the trial court abused its discretion and conditionally grant the writ.

Prajedes and Linda Garcia filed suit as a result of a work related injury sustained by Mr. Garcia. Lumbermens was the worker's compensation carrier. Mr. Garcia received an award by the Board which Lumbermens unsuccessfully appealed to both the district court and this Court. The Garcias then filed a case against Lumbermens for bad faith. During the pendency of the appeal of the compensation case, the trial court abated the bad faith case. The order of abatement was signed April 6, 1989. On April 28, 1989, the Garcias filed a request for interrogatories and production of documents. Undisputedly, this action occurred while the case was abated. Lumbermens filed a motion for protective order on May 25, 1989, claiming that discovery was improper while the Order of Abatement was in effect. The trial court reinstated the case on June 23, 1989. The Garcias filed a motion to compel production on July 17, 1989. On July 28, 1989, Lumbermens filed a second motion for protective order. The trial court held two hearings and determined that the Garcias' motion for production should be granted.

Lumbermens claims they were under no obligation to answer discovery requests filed during the pendency of the abatement because they were a legal nullity and were

not revived when the case was reinstated. We agree.

When a proper plea in abatement is filed, it simply suspends further action in the cause until the abatement has been removed. *Luloc Oil Co. v. Caldwell County,* 601 S.W.2d 789, 794 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.). An abated case should be retained on the docket until the reason for abatement is removed. *Augustine v. Nusom,* 671 S.W.2d 112, 114 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Suspend, as defined in Black's Law Dictionary, means to interrupt; to cause to cease for a time; to postpone; to stay, delay, or hinder; to discontinue temporarily, but with an expectation or purpose of resumption." Black's Law Dictionary 1297 (5th Edition 1979).

In our view, abatement of an action not only precludes the trial court from going forward on a case, it prohibits the parties from proceeding in any manner until the case has been ordered reinstated. This would include filing documents, even when the party filing such documents has no expectation that the opposing party will answer during abatement. Of course, a trial court may, in its discretion, draft an abatement order which would allow the parties to file discovery requests. However, the order in this case abated the entire cause pending final resolution of the underlying worker's compensation action.

We find the discovery requests in this case were a legal nullity because they were filed during the period of abatement. Further, the Garcias took no affirmative action to revive or repropound the requests when the case was reinstated. Lumbermens was under no duty to answer the discovery requests absent some action by the Garcias after the case was reinstated. The trial court abused its discretion in granting the Garcias' motion to compel.

We conditionally grant Lumbermens writ of mandamus. We assume that Judge Robert Garza will withdraw his order granting Motion to Compel Production of Documents. Writ of mandamus will issue only if Judge Garza fails to rescind the order.