Dana R. CAMPBELL, Appellant,

v.

Dr. John KOSAREK, Dr. Arthur Evans, Dr. Robert Saxton, and Providence Hospital, Appellees.

No. 05–00–00559–CV.

Court of Appeals of Texas, Dallas.

March 29, 2001.

Ronald D. Wren, Bedford, for appellant.

Matthew Clayborn Witt, Flowers, Davis, Menard & Witt, L.L.P., David Wayne Dumas, Charles Alfred Mackenzie, Haley & Davis, Waco, Dorothy Prengler, Law Offices of Dorothy Prengler, P.C., Dallas,

Colin Harry O'Neill, David Fowler Johnson, Fulbright, Winniford & Marable, P.C., Waco, for appellee.

Before Justices WHITTINGTON, BRIDGES, and ROACH.

## OPINION

ROACH, Justice.

Dana R. Campbell appeals the trial court's dismissal of his medical negligence lawsuit against appellees Drs. John Kosarek, Arthur Evans, and Robert Saxton and Providence Hospital for failing to file an adequate expert report as required by the Medical Liability and Insurance Improvement Act. For the reasons set forth below, we conclude the trial court erred in dismissing the claims against appellees. Accordingly, we reverse the trial court's judgment dismissing appellees from the lawsuit and remand for proceedings consistent with this opinion.

On May 4, 1998, Campbell sued appellees and Liberty Mutual Insurance Company to recover damages for permanent nerve damage that he contends he sustained as a result of appellees' delay in performing back surgery. On June 17, 1998, the trial court ordered that "all proceedings in this case shall be abated for a period of sixty (60) days after Plaintiff provides Liberty Mutual Insurance Company written notice pursuant to the Texas Insurance Code."

On October 20, 1998, within 180 days of filing suit, Campbell filed the affidavit and curriculum vitae of Dr. Robert Wheeler Rand, associate medical director of the John Wayne Cancer Institute at Saint John's Hospital and Health Center in Santa Monica, California, as required by the Medical Liability and Insurance Improvement Act. *See* Tex.Rev.Civ.Stat.Ann. art. 4590i, § 13.01(d) (Vernon Supp.2001).

More than 180 days after filing suit, Campbell filed two more affidavits as expert reports: (1) on November 10, 1998, Campbell filed the affidavit and curriculum vitae of Dr. John Phillip Kostuik, professor of orthopaedics/neurosurgery, chief, spine division, at Johns Hopkins University School of Medicine, and (2) on December 9, 1998, Campbell filed the affidavit of Jodi Rozell Cotner, R.N., trauma coordinator for Baylor University Medical Center.

■ In April and May 1999, each appellee filed a motion to dismiss Campbell's lawsuit. The motions generally argue that (1) Rand's affidavit failed to meet the statutory requirements of an expert report and (2) Kostuik's and Cotner's affidavits were untimely and also failed to comply with the statutory requirements of an expert report. The trial court held a hearing on the motions and thereafter dismissed Campbell's claims against appellees. The order provided as follows:

> The Court finds that the timely filed report of Dr. Rand is insufficient to comply with the requirements of [section 13.01 of article 4590i] and that it does not represent a good faith effort to comply with the requirements of the section. The Court further finds Section 13.01(g) is not applicable where an affidavit is timely filed, but is insufficient; however, if it applies, the Court finds that Plaintiff failed to prove "accident or mistake" with the [sic] respect to the failure to file proper affidavits timely. Accordingly, the motions to dismiss as to the medical defendants should be granted.

The order did not mention Kostuik or Cotner. Campbell filed an amended motion for new trial that, for reasons unnecessary to this appeal, was never presented to the

trial court. The trial court's interlocutory dismissal order ultimately became final when the remaining parties and claims were disposed of, and this appeal ensued.[1]

■ On appeal, Campbell raises several issues complaining his lawsuit against appellees was improperly dismissed. In one of these issues, Campbell argues the trial court's June 17, 1998 abatement order operated to extend the statutory 180–day deadline by sixty days. Consequently, he asserts Kostuik's and Cotner's affidavits were timely filed and were not addressed in the dismissal order. Thus, regardless of whether Rand's affidavit is insufficient, he argues dismissal was improper because there were two affidavits on file that have not been determined to be inadequate. We agree with Campbell.

Article 4590i, section 13.01 generally sets forth the procedural provisions to be applied in a lawsuit asserting a "health care liability claim." *See* Tex.Rev.Civ.Stat. Ann. art. 4590i, § 13.01 (Vernon Supp. 2001); *Broom v. MacMaster*, 992 S.W.2d 659, 662 (Tex.App.—Dallas 1999, no pet.). Subsection (d) provides that a claimant must either: (1) provide to the defendant health care provider an expert report within 180 days after suit is filed or by the last day of any extended period; or (2) voluntarily dismiss the action against the health care provider without prejudice to refiling. *See* Tex.Rev.Civ.Stat.Ann. art. 4590i, § 13.01(d). If the claimant fails to take one of the two above actions, the defendant health care provider can seek sanctions, including dismissal with prejudice of the claims against it. *See id.* § 13.01(e).

■ As stated previously, prior to the expiration of the original 180–day period,

1. Interlocutory judgments and orders are merged into the final judgment whether the interlocutory judgments or orders are specifically named within the final judgment. *See*

*Azbill v. Dallas County Child Protective Servs.*, 860 S.W.2d 133, 137 (Tex.App.—Dallas 1993, no writ).

the trial court abated "all proceedings" in this case for sixty days. There were no words to limit the abatement to the cause of action against the insurance company, and we conclude it therefore operated to abate the cause as to all parties and claims. An abatement is a present suspension of all proceedings in a suit. *In re Kimball Hill Homes Tex., Inc.,* 969 S.W.2d 522, 527 (Tex.App.—Houston [14th Dist.] 1998, orig. proceeding); *America Online, Inc. v. Williams,* 958 S.W.2d 268, 272 (Tex.App.—Houston [14th Dist.] 1997, no pet.); *Permanente Med. Ass'n v. Johnson,* 917 S.W.2d 515, 517 (Tex.App.—Waco 1996, orig. proceeding); *Lumbermens Mut. Cas. Co. v. Garza,* 777 S.W.2d 198, 199 (Tex.App.—Corpus Christi 1989, orig. proceeding). The case is held in suspended animation and may be revived when the reason for abatement is removed. *Permanente Med. Ass'n,* 917 S.W.2d at 517; *Lumbermens,* 777 S.W.2d at 199. During abatement, the court and the parties are prohibited from proceeding in any manner. *Messmer v. State Farm County Mut. Ins. Co.,* 972 S.W.2d 774, 778 (Tex.App.—Corpus Christi 1998, no pet.); *Lumbermens,* 777 S.W.2d at 199.

We conclude that, by virtue of the abatement order, Campbell was not required to file expert reports during the abatement period, *see Tibbetts v. Gagliardi,* 2 S.W.3d 659, 664 (Tex.App.—Houston [14th Dist.] 1999, pet. denied), and in fact, was actually precluded from doing so. *See Lumbermens,* 777 S.W.2d at 199 (concluding abatement order precluded filing of documents). It then logically follows that during this period of "suspended animation," any statutory deadlines necessarily would be suspended as well. Consequently, we conclude that the practical effect of the abatement was to extend for sixty days the 180–day deadline for filing expert reports.

The suit in this case was filed on May 4, 1998; thus, the 180 day period ended on October 31, 1998. Extending this deadline by sixty days, Campbell had until December 30 to timely file any reports. Both Kostuik's and Cotner's affidavits were filed before that date; accordingly, they were timely filed.

In its dismissal order, the trial court made findings only as to Rand's affidavit and, based on those findings, dismissed Campbell's lawsuit against appellees. The order failed to address any timeliness or adequacy issues with respect to Kostuik's or Cotner's affidavits. Because these two affidavits were timely filed and purported to meet the requirements of expert reports under article 4590i, the trial court erred in dismissing the suit based solely on the alleged inadequacy of Rand's affidavit. We sustain Campbell's issue in this respect. Our disposition of this issue makes it unnecessary to address Campbell's remaining issues. In fact, any discussion of those issues would be advisory in nature. *See Speer v. Presbyterian Children's Home & Serv. Agency,* 847 S.W.2d 227, 229 (Tex.1993) (courts have no jurisdiction to issue advisory opinions).

We reverse the trial court's judgment dismissing appellees from the lawsuit and remand for proceedings consistent with this opinion.