DISMISSAL FORM FOR CIVIL CASES ON ANT'S MOTION /SETTLEMENT 



 
 NO. 12-02-00039-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




CAMDEN PROPERTY TRUST, SWP

PROPERTIES I, L.P., TEXAS FELCOR 

LODGING I LIMITED PARTNERSHIP,
§
 APPEAL FROM THE 160TH

TOLAKO LIMITED PARTNERSHIP,

WILSON WORLD HOTEL-IRVING, INC.,

APPELLANTS


V.
§
 JUDICIAL DISTRICT COURT OF


DALLAS COUNTY FLOOD CONTROL

DISTRICT NO. 1, ROBERT M. NELSON,

HAZEL O'NEAL CARR, §
 DALLAS COUNTY, TEXAS

DAVID R. DENISON, HELEN D. CARR,

E.J. "BO" NEWTON AND PUTNAM

INVESTMENTS, INC.,

APPELLEES






MEMORANDUM OPINION (1)


 Appellant Wilson World Hotel-Irving, Inc. ("Wilson World") and Appellee Dallas County
Flood Control District No. 1 ("District") have filed an agreed motion for nonsuit with prejudice to
refile, which motion has been signed by attorneys for Wilson World and District. The motion
represents that Wilson World and District wish to dismiss their claims against one another and that
Wilson World desires to dismiss all of its claims against all other parties to this appeal. The attorney
for District represents all other appellees except Putnam Investments, Inc. ("Putnam"). The motion
contains a certificate of service to the attorney for Putnam, who has filed no response to the motion. 

 On March 20, 2002, this court entered an order abating this appeal pending the Texas
Supreme Court's consideration of a motion to transfer filed by Appellees. Some courts have held
that because an abatement is a present suspension of all proceedings, the court and the parties are
prohibited from going forward in any manner until the case has been ordered reinstated. See, e.g.,
Campbell v. Kosarek, 44 S.W.3d 647, 650 (Tex. App.- Dallas 2001, pet. denied) (citations omitted);
In re Kimball Hill Homes Texas, Inc., 969 S.W.2d 522, 527 (Tex. App.- Houston [14th Dist.]
1998, orig. proceeding). An abatement would therefore prohibit the parties from filing documents.
Lumbermens Mut. Cas. Co. v. Garza, 777 S.W.2d 198, 199 (Tex. App.- Fort Worth 1989, no writ). 
Other courts have taken a less restrictive view and have determined that certain actions are
permissible during an abatement. See, e.g., De Checa v. Diagnostic Center Hosp., Inc., 852 S.W.2d
935, 938 n.5 (Tex. 1993) (joinder of additional parties); United Oil & Minerals, Inc. v. Costilla
Energy, Inc., 1 S.W.3d 840, 846 (Tex. App.- Corpus Christi 1999, no pet.) (nonsuit). 

 We adopt the reasoning in United Oil & Minerals and conclude that the abatement in the
instant case does not prohibit Wilson World and District from filing their motion for nonsuit nor
does it prohibit us from ruling on the motion. Because Wilson World and District have met the
requirements of Tex. R. App. P. 42.1(a)(1), the motion is granted. Accordingly, all claims of Wilson
World and District against each other and all claims of Wilson World against any other party to this
appeal are severed and dismissed with prejudice to refiling. Tex. R. App. P. 42.1(b). The costs of
this appeal that have been incurred by Wilson World and District are taxed against the party who
incurred them. The judgment and mandate will issue at the time of the disposition on the motions. 
Tex. R. App. R. 43.4.


Opinion delivered June 12, 2002.

Panel consisted of Worthen, J., and Griffith, J.

 






(DO NOT PUBLISH)





1. See Tex. R. App. P. 47.1.