

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00490-CV

KENNETH HICKMAN-BEY, APPELLANT

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL., APPELLEES

On Appeal from the 69th District Court
Hartley County, Texas
Trial Court No. 4249H, Honorable Ron Enns, Presiding

April 11, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Kenneth Hickman-Bey, a prison inmate appearing *pro se* and *in forma pauperis,* appeals a trial court order of October 23, 2012, purporting to "dismiss" all named defendants in Hickman-Bey's lawsuit for failure to comply with Civil Practice and Remedies Code Chapter 14.[1]  Finding the trial court lost jurisdiction in the case over two years earlier, making the order on appeal void, we will vacate the order.

---

[1] The only identification of a party defendant appearing in the order is the heading designation, "TDCJ-CID, et al[.]"

Background

On March 8, 2005, Hickman-Bey filed suit under 42 U.S.C. § 1983, complaining of racial and religious discrimination by the Texas Department of Criminal Justice-Criminal Institutional Division, "Chaplain" Brown, Betty Parrish-Gary, Roy Romero, and Larry Goucher. The case was assigned cause number 4249H by the district clerk.

Through a March 18, 2005 amended petition, Hickman-Bey added Jasper Maxey and Tamala Alvarez as defendants. The Office of Attorney General (OAG) answered on behalf of the Department, Brown, Goucher, Romero, and "Lynne Gary." The OAG then filed a motion to dismiss under Chapter 14[2] on behalf of the same parties. By order of September 28, 2005, the trial court dismissed the claims against the Department, Brown, Goucher, Romero, and "Lynne Gary," finding them "frivolous, for failure to comply with the requirements of Chapter Fourteen of the Civil Practice and Remedies Code."

Hickman-Bey appealed. By opinion of April 26, 2007, we dismissed the attempted appeal for want of jurisdiction.[3] We found the order from which Hickman-Bey attempted to appeal did not dispose of the claims against Alvarez and Maxey. Nor did the stated dismissal of claims against "Lynne Gary" dispose of those against the named defendant, Betty Parrish-Gary.

---

[2] TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-14.014 (West 2002 & Supp. 2014).

[3] *Hickman-Bey v. Texas Dep't of Crim. Justice-C.I.D.,* No. 07-05-0397-CV, 2007 Tex. App. LEXIS 3278 (Tex. App.—Amarillo April 26, 2007, no pet.) (mem. op.).

By letter to the parties of September 22, 2008, the trial court noted the remaining defendants in the case were Betty Parrish-Gary and the "unserved" defendants Alvarez and Maxey. It stated the intention to dismiss Parrish-Gary by the 2005 order and directed the OAG to submit an order of dismissal in that form for signature. An October 29, 2008 order of the trial court stated "all causes of action in the above-captioned matter against Betty Parrish-Gary should be and are **DISMISSED** in their entirety *nunc pro tunc* as frivolous for failure to comply with the requirements of TEX. CIV. PRAC. & REMS. (sic) CODE § 14."[4]

Hickman-Bey filed a notice of appeal in this court challenging the October 29 order. We dismissed the attempted appeal for want of jurisdiction,[5] finding the October 29 order, whether considered singularly or in concert with the September 28, 2005 order, did not dispose of Hickman-Bey's claims against Alvarez or Maxey.

Hickman-Bey obtained service of his lawsuit on Maxey and Alvarez, but neither answered. By separate orders signed September 15, 2010, the trial court rendered default judgments against Alvarez and Maxey finally disposing of all his claims against these two defendants. In letters to the parties dated March 7 and June 18, 2012, the trial court indicated it no longer possessed jurisdiction over cause number 4249H, because the September 15, 2010 default judgments were final and disposed of all remaining parties in the case.

---

[4] Bolding, capitalization and italics are in the original order.

[5] *Hickman-Bey v. Tex. Dep't of Crim. Justice-C.I.D.,* No. 07-09-0068-CV, 2009 Tex. App. LEXIS 5627 (Tex. App.—Amarillo July 22, 2009, no pet.) (mem. op.).

Thereafter, Alvarez filed a bill of review which was assigned trial court cause number 4739H. From the trial court's order granting the bill of review, Hickman-Bey filed a notice of appeal. In a March 21, 2013 opinion, we dismissed the attempted appeal for want of jurisdiction, pointing out an interlocutory order granting a bill of review is not appealable.[6]

In trial court cause number 4249H, Alvarez filed a motion to dismiss the case on September 10, 2012. She asserted there were substantive defects in Hickman-Bey's case. In an October 23, 2012 order, the trial court dismissed "all of [Hickman-Bey's] causes of action" in cause number 4249H "against all named Defendants." On November 5, 2012, Hickman-Bey filed a "motion to set aside judgment," and a notice of appeal. The record contains no indication the trial court ruled on Hickman-Bey's motion.

---

[6] *Hickman-Bey v. Alvarez,* No. 07-12-0403-CV, 2013 Tex. App. LEXIS 3142 (Tex. App.—Amarillo Mar. 21, 2013, no pet.) (per curiam, mem. op.). As we there explained, the merits of Hickman-Bey's claim against Alvarez were not determined in the trial court's order setting aside the default judgment. *Id.* at *1.

In a bill of review proceeding, the final judgment should either deny the petitioner any relief, or grant the bill of review, set aside the former judgment, to the extent attacked, and substitute a new judgment which properly adjudicates the controversy. *In re J.B.A.,* 127 S.W.3d 850, 851 (Tex. App.—Fort Worth 2004, no pet.). If the trial court grants a bill of review and sets aside a judgment in a prior case, the subsequent trial on the merits of the prior case occurs in the same proceeding as the trial on the bill of review. *Hartford Underwriters Ins. v. Mills,* 110 S.W.3d 588, 591 (Tex. App.—Fort Worth 2003, no pet.) (citing *State v. 1985 Chevrolet Pickup Truck,* 778 S.W.2d 463, 465 (Tex. 1989) (per curiam)). We have no indication of further action by the parties in cause number 4739H after our mandate issued, and it would appear Hickman-Bey's claims against Alvarez remain pending in cause number 4739H.

4

Analysis

"Because the law does not require that a final judgment be in any particular form, whether a judicial decree is a final judgment must be determined from its language and the record in the case." *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). An interlocutory order disposing of fewer than all parties and claims is not final until entry of a subsequent order disposing of the remaining parties and claims. *Columbia Rio Grande Regional Hosp. v. Stover,* 17 S.W.3d 387, 391 (Tex. App.—Corpus Christi 2000, no pet.) (citing *Mafrige v. Ross,* 866 S.W.2d 590, 591 n.5 (Tex. 1993); *H. B. Zachry Co. v. Thibodeaux,* 364 S.W.2d 192, 193 (Tex. 1963) (per curiam). On entry of an order disposing of all remaining parties and claims, the interlocutory orders merge creating a final, appealable judgment. *Stover,* 17 S.W.3d at 391. *See Onyung v. Onyung,* No. 01-10-00519-CV, 2013 Tex. App. LEXIS 9190, at *25-26 (Tex. App.—Houston [1st Dist.] July 25, 2013, pet. denied) (mem. op.) (citing *Noorian v. McCandless,* 37 S.W.3d 170, 173 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)) ("In some circumstances, 'a final judgment may consist of several orders that cumulatively dispose of all parties and issues'"). *See also In re White,* No. 04-09-00108-CV, 2009 Tex. App. LEXIS 4106 (Tex. App.—San Antonio June 10, 2009, orig. proceeding) (mem. op.) (appellate court concluded two default judgments collectively constituted a final judgment over which the trial court lost plenary power thirty days after the date it signed the two default judgments); *Texas Sting, Ltd., v. R.B. Foods, Inc.,* 82 S.W.3d 644, 648 n.4 (Tex. App.—San Antonio 2002, pet. denied) (court dismissed plaintiffs' claims for want of prosecution and later rendered default judgment against plaintiffs on defendant's counterclaim; default judgment constituted final disposition of

all of parties' claims); *Campbell v. Kosarek,* 44 S.W.3d 647, 649 (Tex. App.—Dallas 2001, pet. denied) (interlocutory dismissal order made final on disposition of remaining parties).

Here, the trial court dismissed the Department, Brown, Goucher, and Romero by its September 28, 2005 order. The October 29, 2008 order dismissed Parrish-Gary. Hickman-Bey's claims against the remaining defendants, Alvarez and Maxey, were disposed of by the September 15, 2010 default judgments. Thus by September 15, 2010, Hickman-Bey's claims against all defendants had been disposed of through the four written orders signed by the trial court. For purposes of appellate review, those four written orders together constituted a final judgment in cause number 4249H. *Stover,* 17 S.W.3d at 391; *Onyung,* 2013 Tex. App. LEXIS 9190, at *25-26. A timely motion extending the trial court's plenary power was not filed after September 15, 2010. TEX. R. CIV. P. 329b. As a result, the trial court's plenary power to affect its judgment in cause number 4249H expired on October 15, 2010. TEX. R. CIV. P. 329b(d).

This, in turn, means the October 23, 2012 order Hickman-Bey now challenges on appeal was signed long after the expiration of the trial court's plenary power to affect its judgment in cause number 4249H. The October 23, 2012 order is void. *See In re Dickason,* 987 S.W.2d 570, 570-71 (Tex. 1998) (orig. proceeding) (per curiam) (holding trial court order granting new trial signed after expiration of plenary power was void).

For the same reason, Hickman-Bey's notice of appeal of the trial court's October 23, 2012 order is ineffective as a vehicle for appellate review of the court's orders disposing of the claims he asserted in cause number 4249H. The appellate timetable in

cause number 4249H began running with the signing of the September 15 default judgments. *See Farmer v. Ben E. Keith Co.,* 907 S.W.2d 495, 496 (Tex. 1995) (per curiam) (appellate timetable runs from day court signed "whatever order disposes of any parties or issues remaining before the court"). Notice of appeal of the trial court's judgment in cause number 4249H was thus due for filing on October 15, 2010. Appellate jurisdiction is properly invoked by timely filing a notice of appeal. *See* TEX. R. APP. P. 25.1. Hickman-Bey's notice of appeal filed in cause number 4249H on November 5, 2012 could not invoke our appellate jurisdiction. *See Wilkins v. Methodist Health Care Sys.,* 160 S.W.3d 559, 563 (Tex. 2005).[7]

## Conclusion

Accordingly, we vacate the trial court's October 23, 2012 order in cause number 4249H. Insofar as the current appeal is an attempt to invoke our appellate jurisdiction over trial court cause number 4249H, we dismiss the appeal for want of jurisdiction.[8]

James T. Campbell
Justice

---

[7] We notified the parties by letter that on our own motion we questioned our jurisdiction over an appeal of cause number 4249H. We afforded them an opportunity to demonstrate the existence of our appellate jurisdiction in that case. Neither responded.

[8] *See State v. Morales,* 869 S.W.2d 941, 949 (Tex. 1994) ("When a court lacks jurisdiction, its only legitimate choice is to dismiss"); TEX. R. APP. P. 42.3(a).