

**IN THE**
**TENTH COURT OF APPEALS**

No. 10-21-00342-CV

IN RE C.A. WALKER, INC.

**Original Proceeding**

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 2029798**

**MEMORANDUM OPINION**

On December 17, 2021, C.A. Walker, Inc., Relator, filed a Petition for Writ of Mandamus asking this Court to order the trial court to withdraw its order lifting abatement and granting summary judgment. Real Party in Interest, Prestige Construction & Development, LLC, filed a response to the Petition for Writ of Mandamus on January 24, 2021. We deny the Petition for Writ of Mandamus.

## BACKGROUND FACTS

Prestige Construction filed suit against C.A. Walker on August 7, 2020, for payment of invoices on a construction project. C.A. Walker filed a Motion to Transfer

Venue and a Motion to Compel Arbitration. On February 3, 2021, the trial court signed an order abating the proceedings and denying the Motion to Transfer Venue. The parties then began arbitration before the AAA. On May 19, 2021, a district court in Fort Bend County signed an order abating the arbitration proceedings between Prestige and C.A. Walker until litigation was resolved in that court. Prestige was not a party to the litigation in Fort Bend County.

On May 24, 2021, Prestige filed a Motion to Lift Abatement and Motion for Summary Judgment in the trial court. The trial court held a hearing on the motions on June 14, 2021, and on July 30, 2021, the trial court signed an order lifting the abatement and granting summary judgment for Prestige against C.A. Walker for $42,271.23.

### STANDARD OF REVIEW

Mandamus is an extraordinary remedy and is warranted only when the trial court clearly abused its discretion and the relator has no other adequate remedy. *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 56-57 (Tex. 2019) (orig. proceeding); *In re H&S Hoke Ranch, LLC*, 625 S.W.3d 220, 222 (Tex. App. —Waco 2021, orig. proceeding). In order to establish its right to a writ of mandamus, C.A. Walker has the burden to prove both of these requirements. *In re H&S Hoke Ranch, LLC*, 625 S.W.3d at 223. A trial court abuses its discretion when its ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Insurance Co. of America.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re H&S Hoke Ranch, LLC*, 625 S.W.3d at 223. Similarly, a trial court abuses its discretion when it fails to analyze or apply the law correctly. *In re H&S Hoke Ranch, LLC*, 625 S.W.3d at 223.

**ARGUMENT**

C.A. Walker argues that the trial court abused its discretion in allowing the filing of the motion for summary judgment while the proceeding was abated, holding a hearing on the motion for summary judgment, and granting the motion for summary judgment simultaneously with the lifting of the abatement. C.A. Walker argues that the summary judgment motion is a "legal nullity" citing *Lumbermens Mutual Casualty Co. v. Garza*, 777 S.W.2d 198 (Tex. App. — Corpus Christi 1989, no pet.) as authority.

In *Lumbermens*, the court concluded that a workers' compensation carrier was under no obligation to respond to certain discovery requests because it had been served while the suit was abated for the appeal of the underlying compensation case. *Lumbermens Mutual Casualty Co. v. Garza*, 777 S.W.2d at 198-99; *In re General Motors Corp.*, 296 S.W.3d 813, 824 (Tex. App. — Austin 2009, orig. proceeding). The court held that the trial court abused its discretion by compelling the carrier's production of documents based on discovery requests propounded while the case was abated. The court in *Lumbermans* did not find that the trial court's order was void. *See Lumbermens Mutual Casualty Co. v. Garza*, 777 S.W.2d at 199; *In re General Motors Corp.*, 296 S.W.3d 813, 824. It found only that the discovery requests in the case were a legal nullity. *See Lumbermens Mutual Casualty Co. v. Garza*, 777 S.W.2d at 199; *In re General Motors Corp.*, 296 S.W.3d 813, 824.

Any action taken by the trial court during an abatement is not a nullity per se. *In re General Motors Corp.*, 296 S.W.3d 813, 825. However, while a case is abated, certain action by the parties may be ineffective. *Id.* It is also possible that certain action by the

trial court during the period of an abatement might constitute error or an abuse of discretion that is subject to review or reversal. *Id.* Abatement does not nullify every subsequent action by the parties or the court. *Id.*

The trial court's order granting summary judgment was not void and was subject to review on direct appeal. Because we find that Relator had an adequate remedy by direct appeal, we deny the petition for writ of mandamus.

STEVE SMITH
Justice

Beford Chief Justice Gray,
     Justice Johnson,
     and Justice Smith
Petition denied
Opinion delivered and filed March 9, 2022
[OT06]

