

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00089-CV

IN RE TJ BOLT CONSTRUCTION, LLC, ET AL.

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Relators, TJ Bolt Construction, LLC, David Bolt, and Teddy Joe Bolt, have filed a petition for a writ of mandamus asking this Court to direct Respondent, the Honorable Robert Rolston, sitting by assignment in the Fifth Judicial District Court of Cass County, Texas, (1) to vacate its November 13, 2024, order setting the case for final hearing, (2) to set Real Parties in Interest's motion for reinstatement for hearing, and (3) to refrain from proceeding with the case until it is properly reinstated.[1]  Shortly after the petition was filed, this Court granted Relators' emergency motion for temporary relief and ordered a stay of the final hearing.  We will conditionally grant the petition for a writ of mandamus.

In this case, Real Parties in Interest, Gary Joseph Albertson II and Jamie Price Albertson, filed suit against Relators over the construction of their custom-built house on April 24, 2024.  On May 20, 2024, Relators filed a verified plea in abatement under Chapter 27 of the Texas Property Code, or the Residential Construction Liabaility Act (the RCLA).  *See* TEX. PROP. CODE ANN. §§ 27.002, 27.004(d) (Supp.).  Real Parties in Interest did not respond to the plea in abatement by filing a controverting affidavit.  *See* TEX. PROP. CODE ANN. § 27.004(d)(2).  As a result, the case was abated by operation of law on June 1.  *See id.*

Nevertheless, on November 8, 2024, Real Parties in Interest filed a motion for reinstatement, alleging that they had effectively given Relators the notice required by Section 27.004(a) and requested that Respondent set their motion for hearing and, thereafter, grant their

[1]Real Parties in Interest filed a response to Relators' petition on November 15, 2024.

2

motion and reinstate the proceedings. Instead, on November 13, Respondent issued its order and set the case "for an in person . . . All Day Final Hearing . . . on November 19, 2024."

Mandamus will issue when the mandamus record shows that "the trial court clearly abused its discretion" and when the Relators "ha[ve] no adequate remedy by appeal." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135, 136 (Tex. 2004) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). Because "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts," *id.* at 135 (alteration in original) (quoting *Walker*, 827 S.W.2d at 840), its failure to apply the law to the facts is "a clear abuse of discretion," *id.* (citing *Walker*, 827 S.W.2d at 840).

"The RCLA applies to 'any action to recover damages resulting from a construction defect.'" *In re Kimball Hill Homes Tex., Inc.*, 969 S.W.2d 522, 525 (Tex App.—Houston [14th Dist.] 1998, orig. proceeding) (citing TEX. PROP. CODE ANN. § 27.002(a)). "'Construction defect' means a deficiency in the design, construction, or repair of a new residence . . . on which a person has a complaint against a contractor." TEX. PROP. CODE ANN. § 27.001(3) (Supp.). Under the RCLA, at least sixty days before filing suit, "a claimant seeking from a contractor damages or other relief arising from a construction defect" must give the contractor written notice "specifying in reasonable detail the construction defects that are the subject of the complaint." TEX. PROP. CODE ANN. § 27.004(a) (Supp.). A claimant must also give the contractor an opportunity to conduct inspections of the property, if requested, and respond to any settlement offer made by the contractor if the claimant considers the offer unreasonable. TEX. PROP. CODE ANN. § 27.004(a), (b) (Supp.).

Any action filed by the claimant is automatically abated if (1) the motion to abate "is verified and alleges that the person against whom the action is pending did not receive the written notice" or "was not given a reasonable opportunity to inspect the property as required by" Section 27.004(a) or alleges that the procedures required by Section 27.004(b) were not followed and (2) if, "before the 11th day after" the motion to abate is filed, it "is not controverted by an affidavit filed by the claimant." TEX. PROP. CODE ANN. § 27.004(d)(1), (2). In this case, it is undisputed that Relators filed a verified motion to abate and that Real Parties in Interest did not file a controverting affidavit before the eleventh day after the motion to abate was filed.

"An abatement is a present suspension of all proceedings in a suit." *Thomas v. Johnson*, No. 06-99-00081-CV, 1999 WL 1080606, at *2 (Tex. App.—Texarkana Dec. 2, 1999, no pet.) (citing *Lumbermens Mut. Cas. Co. v. Garza*, 777 S.W.2d 198, 199 (Tex. App.—Corpus Christi–Edinburg 1989, orig. proceeding)). "Abatement of an action prohibits the court and the parties from proceeding in any manner until the case has been ordered reinstated." *Id.* (citing *Lumbermens Mut. Cas. Co.*, 777 S.W.2d at 199; *Messmer v. State Farm Cnty. Mut. Ins. Co. of Tex.*, 972 S.W.2d 774, 778 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.)). As a result, "[u]nless otherwise specified in the abatement order, any action taken by the court or the parties during the abatement is a legal nullity." *In re Kimball Hill Homes Tex., Inc.*, 969 S.W.2d at 527 (citing *Lumbermens Mut. Cas. Co.*, 777 S.W.2d at 199).

In this case, the mandamus record shows that the trial court's November 13 order set the case for final hearing without first determining that the requirements of Section 27.004 had been satisfied and without ordering the reinstatement of the case. As a result, the November 13 order

4

is void. *See id.* When a trial court issues void orders while a case is abated under the RCLA, our sister courts have held that the relator has no adequate remedy at law and that mandamus is appropriate. *See In re Anderson Constr. Co.*, 338 S.W.3d 190, 197 (Tex. App.—Beaumont 2011, orig. proceeding) (per curiam) (holding that "trial court had no discretion to compel discovery while the case was abated" under RCLA and that relator had "no adequate remedy on appeal"); *In re Classic Openings, Inc.*, 318 S.W.3d 428, 429 (Tex. App.—Dallas 2010, orig. proceeding) (holding that trial court abused its discretion in denying motion to abate under RCLA and that appeal was inadequate); *In re Kimball Hill Homes Tex., Inc.*, 969 S.W.2d at 526–27 (same). We agree.

Accordingly, we conditionally grant the petition for a writ of mandamus and direct the court to vacate its November 13, 2024, order setting this case for final hearing.[2] We are confident that the trial court will comply, and the writ will issue only if the trial court fails to do so.

Scott E. Stevens
Chief Justice

Date Submitted:     November 21, 2024
Date Decided:     November 22, 2024

---

[2] Because we are confident that the trial court will ensure that Real Parties in Interest comply with the notice and inspection requirements of the RCLA before reinstating this case, we deny Relators' other requested relief.