Darlene C. (Balistreri) AMRHEIN,
Appellant,

v.

LA MADELEINE, INC., Appellee.

No. 05–04–01329–CV.

Court of Appeals of Texas,
Dallas.

Oct. 18, 2006.

Rehearing Overruled Nov. 29, 2006.

Darlene C. Amrhein, McKinney, pro se.

Jerry Fazio, Owe & Fazio, P.C., Dallas, for Appellee.

Before Justices WRIGHT, O'NEILL, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

This is the second time we have been presented with precisely the same issue in this same case. We hold the same way this second time.

Appellant Darlene C. (Balistreri) Amrhein appeals a no-evidence summary judgment granted in favor of appellee La Madeleine, Inc. Appellant presents twenty-three issues generally complaining that the trial court lacked authority to enter judgment against her and the trial court erred by granting La Madeleine's summary judgment. For the following reasons, we reverse the trial court's judgment and remand for further proceedings.

In December 1996, Amrhein sued La Madeleine asserting she suffered an on-the-job injury because La Madeleine failed to provide a safe workplace. In 1997, La Madeleine filed a motion to dismiss, alleging the trial court lacked jurisdiction because Amrhein had filed for bankruptcy protection after filing the lawsuit against La Madeleine. Visiting judge B.F. Coker denied La Madeleine's motion to dismiss but abated and stayed the lawsuit on July 31, 1997 pending applicable orders from the bankruptcy court. La Madeleine subsequently filed a motion for summary judgment based on deemed admissions. The sitting judge of county court number three, Robert Jenevein, granted the motion and entered judgment that Amrhein take nothing. Amrhein appealed.

We reversed and remanded for further proceedings. *Amrhein v. La Madeleine, Inc.*, No. 05–00–00790–CV, 2001 WL 818286 at *2 (Tex.App.-Dallas 2001, pet. denied) (not designated for publication). We concluded the trial court erred by granting La Madeleine's summary judgment because the case had never been ordered reinstated. *Id.* We held that all proceedings following the order signed by Judge Coker staying the action were a nullity. *Id.*

Thereafter, Amrhein filed a petition for review in the Texas Supreme Court, which denied review on January 10, 2002 and denied a rehearing on April 4, 2002. *See Amrhein v. La Madeleine, Inc.*, No. 01–1028 (Tex. Jan. 10, 2002, order, pet. denied & Apr. 4, 2002, order, reh'g denied). Our mandate issued May 28, 2002 and the case remained with us until that time.

Now, over four years later, the case is here again in the same posture. Although Amrhein filed a motion to reinstate the case, the motion was never heard nor granted. Once again, the court and the parties proceeded with the case, and the

trial court granted a motion for summary judgment dismissing all of Amrhein's claims against La Madeleine with prejudice. However, and despite the fact that our opinion clearly stated that all proceedings after Judge Coker's order were a nullity, no order was ever entered reinstating the case to the active trial court docket after our mandate issued in this case.

■ La Madeleine argues that the proceedings below are not a nullity and that we should affirm on the merits. It contends the situation this time is different because a January 15, 2002 order signed by Judge Jenevein vacated the stay and reinstated the case. But that order did not reinstate the case and satisfy the requirements stated in our opinion for at least two reasons. First, that order was entered January 15, 2002 while this case was pending in the supreme court and before the mandate issued on May 28, 2002. *See id.; see also Robertson v. Ranger Ins. Co.*, 689 S.W.2d 209, 210 (Tex.1985) (after appeal perfected, trial court may not take action that interferes with appellate court's active power and authority over cause); *Saudi v. Brieven*, 176 S.W.3d 108, 114 (Tex.App.-Hous. [1st Dist.] 2004, pet. denied) (same). Second, and even if the order had been entered while the trial court had plenary power, the order only purported to lift the stay for the limited purpose of considering a recusal motion and did not purport to lift the stay entirely or to reinstate the case.

■ Nevertheless, La Madeleine also argues the stay was "waived" because the parties and the trial court proceeded with the case. But it cites no authority to support its waiver claim and we have found none. And in our previous opinion in this case, we did not suggest there was any possibility of waiver by the court's and the parties' conduct. Instead, in our first opinion we expressly stated that "[u]nless

otherwise specified in the abatement order, any action taken by the court or the parties during the abatement is a legal nullity." *Amrhein*, No. 05–00–00790–CV, 2001 WL 818286 at *1 (citing *In re Kimball Hill Homes Tex., Inc.*, 969 S.W.2d 522, 527 (Tex.App.-Houston [14th Dist.] 1998, orig. proceeding) and *Lumbermens Mut. Cas. Co. v. Garza*, 777 S.W.2d 198, 199 (Tex.App.-Corpus Christi, 1989, orig. proceeding)).

We regret having to reverse and remand the case on this basis again because we do not believe it is in the best interests of the parties or the courts to have proceedings continue for years without resolution—as in this case. But we were absolutely clear in our previous opinion and we reiterate it now: absent an order reinstating the case on the trial court's active docket, any action taken by the court or the parties in the case is and will continue to be a legal nullity. *Amrhein*, No. 05–00–00790–CV, 2001 WL 818286 at *1–2; *see Lumbermens*, 777 S.W.2d at 199. Consequently, because an order of reinstatement was *never* entered after Judge Coker's July 31, 1997 order of abatement, *all* proceedings after that time are a nullity, including the transfer of the case from county court at law number three.

We sustain Amrhein's first issue. We reverse the judgment of the trial court and remand to county court at law number three for further proceedings consistent with this opinion.