**Order entered August 6, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00463-CV

**MICHAEL KRASNICKI, Appellant**

**V.**

**TACTICAL ENTERTAINMENT, LLC, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-03246-2017**

## ORDER
Before Chief Justice Wright, Justice Evans, and Justice Stoddart

We **REINSTATE** this appeal.

On June 28, 2018, we abated the appeal to allow the parties to mediate their dispute. At the time, appellant's brief had been filed and a motion for involuntary dismissal of the cross-appeal and for damages was pending. By joint motion filed July 30, 2018, the parties informed the Court that mediation was unsuccessful and requested the deadline for filing appellee's brief be reset to August 15, 2018. We begin by addressing the motion for dismissal.

This appeal was filed April 23, 2018 and challenges the trial court's April 4, 2018 order denying appellant's motion to dismiss under chapter 27 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003 (West 2015). The appeal of this interlocutory order is authorized by section 51.014(a)(12) of the practice and remedies code. *See id.* § 51.014(a)(12) (West Supp. 2017).

Section 51.014(b) imposes an automatic stay of all trial court proceedings upon the filing of an appeal from an order denying a chapter 27 motion to dismiss. *See id.* § 51.014(b). The stay allows no room for discretion and is effective immediately. *See Watts v. Rodriguez*, 185 S.W.3d 931, 932 (Tex. App.—Austin 2006, order) (per curiam).

On April 30, 2018, during the automatic stay, the trial court modified its order denying the motion to dismiss to include a ruling denying appellee's request for attorney's fees under chapter 27. *See* CIV. PRAC. & REM. CODE § 27.009. It is this order that is the subject of the cross-appeal and at issue in the motion to dismiss and for damages.

In moving to dismiss and for damages, appellant asserts in part that the order is void because it was signed during the automatic stay. We agree.

Orders signed during a stay are a "legal nullity." *In re Marriage of J.B. & H.B.*, 326 S.W.3d 654, 662 (Tex. App.—Dallas 2010, pet. dism'd) (quoting *Amrhein v. La Madeleine, Inc.*, 206 S.W.3d 173, 174-75 (Tex. App.—Dallas 2006, no pet.)). When a party appeals from a void order, an appellate court must set aside the order and dismiss the appeal for lack of jurisdiction. *See State ex re. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam); *Villalon v. Bank One*, 176 S.W.3d 66, 69 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

Because the modified order was signed during the automatic stay, it is void. *See In re Marriage of J.B.*, 326 S.W.3d at 662. Accordingly, we **GRANT** the motion to dismiss to the extent we **VACATE** the April 30th modified order and **DISMSS** the cross-appeal. The operative order is the trial court's April 4th order. We **DENY** the request for damages.

We **ORDER** appellee's brief be filed no later than August 15, 2018.

/s/ DAVID EVANS
   JUSTICE