**REVERSE AND REMAND; Opinion Filed April 23, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00956-CV**

**BALTASAR D. CRUZ, Appellant**
**V.**
**VICTOR HERNANDEZ AND GUILLERMO MARTINEZ, Appellees**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-15879**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Schenck

Baltazar D. Cruz was appointed guardian ad litem for three minors in their suit against appellees Victor Hernandez and Guillermo Martinez, in which the minors and two adults sought to recover for their injuries sustained in a motor vehicle accident. Cruz appeals pro se the trial court's orders appointing a new guardian ad litem, approving fees for Cruz's services as guardian ad litem, and the amended final judgment. In his first issue, Cruz argues the trial court erred by conducting further proceedings after the case was abated and without first entering order reinstating the case. We agree. For the following reasons, we reverse the judgment of the trial

court and remand for further proceedings. Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2(a), 47.4.

## BACKGROUND

On December 10, 2010, Salvador Robledo, Jacquelyn Robledo on behalf of Jesse Robledo, and Veronica Robledo, individually and on behalf of Jack Jaynes and Claudia Jaynes (collectively, the plaintiffs), filed suit against Old American County Mutual Insurance, Guillermo Martinez, and Victor Hernandez.

On May 29, 2012, a Rule 11 agreement was filed with the trial court that purported to confirm the plaintiffs agreed to settle their claims against Martinez and Hernandez.[1] On May 30, 2012, Hernandez filed an agreed motion for appointment of guardian ad litem for the minor. On June 2, 2012, the trial court signed an amended order appointing Cruz as guardian ad litem to represent all three minors.

On June 4, 2015, Hernandez filed an agreed motion to abate the case until the resolution of a separate suit against the underinsured motorist carrier pending in a different district court. The next day, the trial court signed an order granting the motion to abate until the named other suit was resolved.

No further action took place in this case until the trial court set the case for a status conference on May 18, 2018. On June 28, 2018, Hernandez and Martinez filed a motion to appoint a new guardian ad litem, alleging Cruz was nonresponsive

---

[1] The record reflects an April 28, 2011 order nonsuiting plaintiffs' claims against American County Mutual Insurance.

to requests for updates in the case and did not appear at the May 18 status conference. The record contains a notice of hearing that was sent to Cruz, setting another status conference for August 23, 2018. On September 5, 2018, the trial court signed an order appointing a new guardian ad litem and relieving Cruz of his responsibility as of that date.

On May 29, 2019, Cruz filed an application for compensation for his services and expenses as guardian ad litem. On May 31, 2019, the trial court signed an order that awarded fees to the new guardian ad litem and a final judgment, which among other things, reflected the fees awarded to the new guardian ad litem. After conducting a hearing on Cruz's application, the trial court signed an order awarding fees to Cruz. Cruz filed a motion to modify the judgment to reflect his fee award, and on July 10, 2019, the trial court filed an amended final judgment from which Cruz now appeals.

## DISCUSSION

In his first issue, Cruz argues the trial court erred by conducting further proceedings after the case was abated without first entering order reinstating the case.

An abatement is a present suspension of all proceedings in a suit. *Campbell v. Kosarek*, 44 S.W.3d 647, 650 (Tex. App.—Dallas 2001, pet. denied). The case is held in suspended animation and may be revived when the reason for abatement is removed. *Id.* During abatement, the court and the parties are prohibited from

–3–

proceeding in any manner. *Id.* Further, unless otherwise specified in the abatement order, any action taken by the court or the parties during the abatement is a legal nullity. *See Amrhein v. La Madeleine, Inc.*, 206 S.W.3d 173, 174–75 (Tex. App.—Dallas 2006, pet. denied). To end an abatement where, as here, the abatement order does not specify, an order of reinstatement must be entered. *See id.* Per our earlier decision in *Amrhein*, we have rejected implied cessation of abatement by the court's or parties' conduct, such as entering a judgment or otherwise proceeding with the case are all ineffective to end an abatement. *See id.*

Here, on June 5, 2015, the trial court signed the order granting agreed motion to abate "until the suit against the underinsured motorist carrier . . . is resolved." No further action took place in this case until the trial court set the case for a status conference on May 18, 2018. The trial court subsequently signed orders appointing a new guardian ad litem, on guardian ad litem fees, a final judgment, and amended final judgment. The record does not contain any order reinstating the case, nor does the docket indicate such order was ever signed. Because an order was never entered after the trial court's June 5, 2015 order of abatement, *all* proceedings after that time are a nullity. *See Amrhein*, 206 S.W.3d at 174–75. We sustain Cruz's first issue and pretermit discussion of his remaining issues on appeal in light of our disposition of his first two issue. *See* TEX. R. APP. P. 47.1.

We are reluctant to remand this case for further proceedings on this basis because we do not believe it is in the best interest of the parties or the courts to have

proceedings continue for years without resolution—as in this case. But, absent an intervening change in the law by the legislature, a higher court, or this Court sitting en banc, we are bound to follow this Court's precedent. *MobileVisionImaging Servs., L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 566 (Tex. App.—Dallas 2008, no pet.).

## CONCLUSION

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

190956F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BALTASAR D. CRUZ, Appellant

No. 05-19-00956-CV      V.

VICTOR HERNANDEZ AND
GUILLERMO MARTINEZ,
Appellees

On Appeal from the 44th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-10-15879.
Opinion delivered by Justice
Schenck. Justices Smith and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant BALTASAR D. CRUZ recover his costs of this appeal from appellees VICTOR HERNANDEZ AND GUILLERMO MARTINEZ.

Judgment entered this 23rd day of April, 2021.