**Affirmed and Opinion Filed October 30, 2024**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-01292-CV**

**C&G ALL SOLUTIONS, INC., BECKY BINH NGUYEN, TRANG THUY DANG, AND LE GIANG TRAN, Appellants**

**V.**

**FUGO TRAN, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF THE KUTE BAR, LLC AND AFFILIATED ENTITIES, Appellees**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-23-05355**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Goldstein, and Miskel
Opinion by Justice Partida-Kipness

Appellants C&G All Solutions, Inc. (C&G), Becky Binh Nguyen (Nguyen), Trang Thuy Dang (Dang), and Le Giang Tran (Le) appeal the denial of their Texas Citizens Participation Act (TCPA) motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011. Appellants raise a single issue on appeal, arguing the trial court erred in denying the motion to dismiss because Appellee Fugo Tran's abuse of process claim is based on or in response to Appellants' right to petition, and Tran failed to establish a prima facie case to support his claim. We do not reach the merits

of the TCPA issue because we conclude Tran's abuse of process claim was subject to a prior abatement. We therefore affirm the trial court's judgment.

## BACKGROUND

This dispute arises from the creation and operation of a restaurant and karaoke bar in Richardson (the Bar). C&G, Dang, Le, and Tran formed a limited liability company, The Kute Bar, LLC (the LLC), to operate the business. Nguyen wholly owns C&G. According to Tran, the original plan was for each party to own a 25% share of the business. Tran alleged that, due to an inability to obtain a small business loan to finance the project, Appellants and Tran modified their agreement. Thereunder, each party would make a $150,000 initial capital contribution, Appellants would be silent partners, and Tran would have the majority share of ownership and would make all business decisions for the Bar. Any additional contributions by Tran would increase his percentage ownership in the business.

The project proceeded and the parties leased and renovated a suitable location for the Bar. According to Tran, he alone hired and worked with the general contractor during the build-out phase of the Bar and had to invest additional personal capital and labor to get the Bar ready for business. The Bar opened in November 2022, but problems immediately ensued. Tran alleged the Bar had a cashflow problem because Le contributed less than the $150,000 promised. Tran also claimed Le made unauthorized withdrawals from the Bar's operating account and used the Bar's credit card for personal purchases. Meanwhile, Appellants claimed Tran failed

to direct the Bar's revenue into the LLC's business account, and instead funneled payments into his own accounts. Ultimately, Appellants and Tran could not agree on the management of the Bar and began discussing arrangements for Tran to buy out Appellants' ownership interests. The parties dispute whether any agreement was reached.

Appellants subsequently brought suit against Tran on January 23, 2023 in the 17th Judicial District Court of Tarrant County (the Tarrant County Suit). Therein Appellants alleged Tran breached fiduciary duties to the LLC and Appellants individually. Appellants also asserted breach of contract for Tran's alleged failure to purchase their ownership interests as promised.

On March 27, 2023, the LLC members held a special meeting and voted to terminate the LLC, cease the Bar's operations, sell the Bar's assets, and distribute the sale's proceeds to the LLC members after satisfying creditors. Tran was present but opposed shutting down the Bar, claiming it would likely result in lease termination due to non-operation of the business, and would put the business equipment at risk of landlord's liens.

Appellants claim that the same day they voted to cease operations, Tran and his friends forcibly broke into the Bar to open it for dinner service. The next day, March 28, 2023, Appellants filed an application for temporary restraining order (TRO) and temporary injunction in the Tarrant County Suit. Appellants sought to enforce the results of the LLC meeting vote and to enjoin Tran and his associates

–3–

from entering or operating the Bar or removing its assets. The trial court held a hearing the same day and entered an agreed TRO at its conclusion.

Then, on April 24, 2023, Tran filed the present suit in the 160th Judicial District Court of Dallas County (the 160th Court Suit). Tran alleged the parties had modified their original agreement into a partnership with Tran as the majority partner/owner. Accordingly, Tran alleged Appellants could not close the LLC or Bar without his consent. Tran alleged that, despite this partnership agreement, Appellants schemed to force Tran to buy out Appellants' interests by filing the Tarrant County Suit and arguing they each had an equal ownership of the business. Tran alleged Appellants shut down the business at the March 28, 2023 LLC meeting despite his warnings about the lease's non-operation clause and potential liens on equipment. Tran claimed that closing the Bar resulted in a default and later termination of the lease. Tran asserted various fraud claims against Appellants related to the formation of the business, and civil conspiracy. Tran also sought a declaration that a partnership existed between the parties and asserted breach of fiduciary duty and conspiracy claims on behalf of the LLC.

On May 4, 2023, another individual, Luat Nguyen d/b/a All Solutions (Luat) filed suit against Tran, the LLC, and Victory Shops at Habibi Market, LLC in the 14th Judicial District Court of Dallas County (the 14th Court Suit). This suit arose from Luat's contract with the LLC to install and assemble certain equipment at the Bar after structural renovations were completed. Apparently, due to the Bar's

–4–

numerous issues, the Bar failed to fulfill its payment obligations to Luat. Tran had personally guaranteed the LLC's contract with Luat.

Tran answered Luat's suit and filed a third-party petition against Appellants on May 17, 2023. Tran made similar factual allegations as in the 160th Court Suit and added allegations he had contracted with Luat to complete equipment installation at the Bar. Tran alleged that, despite knowing of the contracts with Luat and others, and despite the negative impact it would have on the Bar's operations, Appellants filed the Tarrant County Suit to pressure Tran into a buyout of the business. Tran asserted an abuse of process claim against Appellants due to their filing the Tarrant County Suit and their "improper" application for injunctive relief, which led to the Bar's demise and damages to Tran. Tran also brought tortious interference claims related to the contract with Luat and the commercial lease for the Bar.

Back in the 160th Court Suit, Appellants filed a plea in abatement on May 22, 2023. Therein Appellants argued Tran's suit asserted claims against nearly identical parties relating to the same relationship and company at issue in the Tarrant County Suit. Appellants asserted Tran's claims in the 160th Court Suit and the first-filed Tarrant County Suit are inherently interrelated. As such, Appellants argued the Tarrant County court had dominant jurisdiction over the lawsuit and Tran's claims were compulsory counterclaims required to be brought in the Tarrant County Suit. Appellants repeatedly requested the 160th Court to "abate this lawsuit," though in

their prayer requested that "Plaintiff's Original Petition be dismissed or abated." Appellants alternatively requested transfer of the lawsuit to Tarrant County.

Two months later, on July 24, 2023, the 14th Court Suit (which included Tran's Thirty-Party Petition and abuse of process claim) was transferred and consolidated into the 160th Court Suit.

On September 15, 2023, Appellants filed a TCPA motion to dismiss Tran's abuse of process claim in the 160th Court Suit. Appellants argued Tran's abuse of process claim was in response to their right to petition by filing the Tarrant County Suit.

Then, on October 13, 2023, the 160th Court heard Appellants' plea in abatement and signed an order granting the plea that day. The order granting the plea stated: "the Plea should be GRANTED…Plaintiffs' Counterclaim is abated, pending the final disposition of [the Tarrant County Suit]." Tran then non-suited "all of his original claims and third-party claims" against Appellants.

Finally, on November 3, 2023, the 160th Court heard Appellants' TCPA motion to dismiss Tran's abuse of process claim. Appellants argued the abuse of process claim had not been abated by the prior order and the use of "Counterclaim" in the order was a scrivener's error. Tran argued the TCPA motion was not proper, as the suit had been abated, and regardless the motion was moot due to his non-suit. The trial court heard additional arguments on the abatement and mootness issues but declined to proceed on the TCPA motion to dismiss. The trial court did not rule on

the motion, and it was denied by operation of law. *See* TEX. CIV. PRAC. & REM. CODE § 27.008(a). This appeal followed. *See id.* § 51.014(a)(12).

## STANDARD OF REVIEW

We review de novo a trial court's ruling on a TCPA dismissal motion. *Vaughn-Riley v. Patterson*, No. 05-20-00236-CV, 2020 WL 7053651, at *2 (Tex. App.—Dallas Dec. 2, 2020, no pet.) (mem. op.). In reviewing an order sustaining a plea in abatement, we apply the abuse of discretion standard. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988), *abrogated in part by In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 292-93 (Tex. 2016). A trial court abuses its discretion when it rules without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985). However, when one court acquires dominant jurisdiction over a case, another court has no discretion to deny a proper plea in abatement. *Wyatt*, 760 S.W.2d at 248.

## ANALYSIS

C&G raises a single issue on appeal, arguing the trial court erred in denying the TCPA motion to dismiss because Tran's abuse of process claim is based on or in response to Appellants' right to petition, and Tran failed to establish a prima facie case to support his abuse of process claim. In response, Tran contends the prior abatement deprived the trial court of authority to rule on the TCPA motion to dismiss. We first address the abatement issue because it is dispositive to our resolution.

## I. Dominant Jurisdiction and Abatement Principles

The general common-law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (citation omitted). As a result, when two suits are inherently interrelated, a plea in abatement in the second action must be granted. *Id.* This first-filed rule flows from principles of comity, convenience, and the necessity for an orderly procedure in the trial of contested issues. *Id.* The default rule thus favors dominant jurisdiction in the court in which suit is first filed. *Id.* Unless otherwise specified in the abatement order, any action taken by the court or the parties during the abatement is a legal nullity. *Amrhein v. La Madeleine, Inc.*, 206 S.W.3d 173, 174-75 (Tex. App.—Dallas 2006, no pet.).

In determining whether an inherent interrelationship exists for purposes of abatement, courts should be guided by the compulsory counterclaim rule. *J.B. Hunt*, 492 S.W.3d at 292. A counterclaim is compulsory if: (1) it is within the jurisdiction of the court; (2) it was not the subject of a pending action when the original suit was commenced; (3) the action is mature and owned by the pleader at the time of filing the answer; (4) it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; (5) it is against an opposing party in the same capacity; and (6) it does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. *See* TEX. R. CIV. P. 97(a), (d); *J.B. Hunt*, 492

S.W.3d at 292-93; *Wyatt*, 760 S.W.2d at 247. If a claim meets these elements, it must be asserted in the initial action. *Wyatt*, 760 S.W.2d at 247.

When an inherent interrelation of the subject matter exists in two pending lawsuits, a plea in abatement in the second action must be granted. *Id.* It is not required that the exact issues and all the parties be included in the first action before the second is filed, provided that the claim in the first suit may be amended to bring in all necessary and proper parties and issues. *Id.*

## II. The Abatement Foreclosed Consideration of the TCPA Motion to Dismiss

Here, Tran contends his abuse of process claim was abated, precluding the trial court from taking any action on Appellants' TCPA motion to dismiss. Appellants contend their plea in abatement was directed only at Tran's claims in his original petition filed in the 160th Court. Tran filed his third-party complaint including the abuse of process claim in the 14th Court Suit on May 17, 2023, a few days prior to Appellants' plea in abatement in the 160th Court. Appellants' plea in abatement repeatedly asked the 160th Court "abate this lawsuit," and alleged that all of Tran's claims relate to the same transaction or occurrence as the Tarrant County Lawsuit. It is not clear whether Appellants were aware of Tran's abuse of process claim in the 14th Court Suit at the time Appellants filed their plea in abatement. However, by the time of the plea in abatement hearing, Tran's abuse of process claim was part of the live pleadings, having been transferred into the 160th Court Suit almost three months prior.

The order granting Appellants' plea in abatement states: "the Plea should be GRANTED," and "Plaintiffs' Counterclaim is abated…." While Appellants argued "counterclaim" in the order was a scrivener's error, the record does not reflect Appellants sought clarification or modification of that order. Tran was a defendant in the 14th Court Suit when he filed his third-party abuse of process claim. We conclude the abatement included Tran's abuse of process claim.[1]

Appellants argue the trial court could not have abated Tran's abuse of process claims because "a trial court cannot award relief that was not requested in a party's live pleading," and their plea in abatement was never amended to request abatement of the abuse of process claims in Tran's third-party petition.

Rule 301 provides that the judgment of the court shall conform to the pleadings. TEX. R. CIV. P. 301. A trial court has no authority to grant relief not requested by the parties. *Guillory v. Dietrich*, 598 S.W.3d 284, 294 (Tex. App.—Dallas 2020, pet. denied). Such relief is generally that which the parties have requested in a live pleading. *In re S.M.G.*, No. 05-22-00937-CV, 2023 WL 3963992, at *2 (Tex. App.—Dallas June 13, 2023, no pet.) (mem. op.). This is so because pleadings must provide fair notice of the claims asserted and allow the opposing

---

[1] The record does not include the transcript from the hearing on Appellants' plea in abatement. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (burden is on appellant to present a sufficient record to show error requiring reversal). However, the transcript from the hearing on the TCPA motion to dismiss reveals the parties devoted their arguments to the abatement issue. The trial court declined to hear the merits of the TCPA motion, supporting that the court believed Tran's abuse of process claim had been previously abated.

party to ascertain the nature and basic issues of the controversy. *Id.* In determining whether a judgment conforms to the pleadings, we view the pleadings as a whole. *Id.*

While Appellants are generally correct that a trial court cannot award relief not requested in a party's live pleading, that rule does not aid Appellants' cause. Appellants' live pleading (their plea in abatement) broadly requested abatement of "this lawsuit," and by the time of the hearing on the plea, Tran's live pleadings included the abuse of process claim. Appellants had fair notice of Tran's claim, and Appellants did not request modification or clarification of the order granting the abatement.

Furthermore, even if Appellants did not intend the plea in abatement to capture Tran's abuse of process claim, it is so interrelated with Appellants' other claims as to require adjudication in the Tarrant County Suit because that court has dominant jurisdiction.

Appellants previously argued Tran's other claims were within the Tarrant County court's jurisdiction; there is no reason Tran's abuse of process claim would not be within the Tarrant County court's jurisdiction as well. The claim was not the subject of a pending action when Appellants filed the Tarrant County Suit. And, there is nothing in the record to suggest the claim was not mature and owned by Tran at the time he answered the Tarrant County Suit.

Likewise, there can be little dispute Tran's abuse of process claim arises out of the same transaction or occurrence that is the subject matter of Appellants' claims in the Tarrant County Suit. In the Tarrant County Suit, Appellants alleged Tran improperly managed the Bar, leading to disputes among the LLC members and subsequent negotiations regarding Tran's purchase of the other LLC members' interests. Appellants further alleged Tran breached a buyout agreement. Meanwhile, Tran's suit alleged modification of the LLC and the existence of a partnership, with improper conduct by Le in managing the Bar. Tran alleged Appellants had the ulterior motive of forcing a buyout after negotiations reached an impasse. He further alleged Appellants filed the Tarrant County Suit and sought injunctive relief as part of that motive to pressure Tran and force a buyout. Tran claimed the improper application for injunctive relief and resulting TRO resulted in the Bar being shut down and termination of its lease.

The allegations in Appellants' and Tran's suits center on the formation of the LLC, an alleged modification of the parties' agreement, the operation of the Bar, the subsequent problems, and the attempts to negotiate a buyout by Tran. In their plea in abatement, Appellants argued all of Tran's claims in this lawsuit relate to the formation, operation, and governance of the LLC, as well as the relationship between Tran and Appellants as it relates to the LLC—the same issues that are in dispute in the Tarrant County Lawsuit. The addition of Tran's abuse of process claim does not change that fact.

Moreover, Tran's abuse of process claim is directed against largely the same parties in the same capacity, with the addition of Nguyen (as owner of C&G) as a defendant. Finally, the claim does not require the presence of third parties over whom the court cannot acquire jurisdiction, as the necessary persons are already parties to the suit.[2]

Accordingly, the two suits are inherently related, and abatement of the 160th Court Suit was required. *J.B. Hunt*, 492 S.W.3d at 294. When, as here, another court acquired dominant jurisdiction, it would have been an abuse of discretion to deny an abatement. *See Wyatt*, 760 S.W.2d at 248 (trial court lacked discretion to deny plea in abatement). Granting Appellants' TCPA motion to dismiss after abatement would have been a legal nullity. *Amrhein*, 206 S.W.3d at 174-75.

Furthermore, principles of comity and res judicata militate against Appellants' position. Tran also asserted an abuse of process counterclaim in the Tarrant County Suit, and Appellants filed a TCPA motion to dismiss that claim. The Tarrant County court denied the motion on March 13, 2024, and Appellants appealed to the Second District Court of Appeals. That court issued an opinion on October 24, 2024, reversing the trial court and dismissing Tran's abuse of process claim. Here,

---

[2] In their plea in abatement, Appellants asserted the Tarrant County court could acquire jurisdiction over Nguyen, and a review of the docket from that suit reveals Nguyen is now a party to that suit. *See* TEX. R. EVID. 201(b); *In re Johnson*, 599 S.W.3d 311, 312 n.1 (Tex. App.—Dallas 2020, orig. proceeding) (noting an appellate court has discretion to take judicial notice of adjudicative facts that are matters of public record on its own motion, including judicial notice of the trial court docket in underlying proceedings).

exercising jurisdiction in the 160th Court would create the possibility of competing rulings on the same issues between the various trial and appellate courts.

We therefore conclude Tran's abuse of process claim was abated by the trial court's October 13, 2023 abatement order. The trial court did not err in allowing Appellants' TCPA motion to dismiss to be denied by operation of law. We overrule Appellants' sole issue on appeal.

## CONCLUSION

The trial court did not err in allowing Appellants' TCPA motion to dismiss Tran's abuse of process claim to be denied by operation of law. That claim was previously abated by the trial court, and any subsequent action taken by the court on that claim would have been a nullity. Accordingly, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

231292F.P05

–14–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

C&G ALL SOLUTIONS, INC., BECKY BINH NGUYEN, TRANG THUY DANG, AND LE GIANG TRAN, Appellants

No. 05-23-01292-CV      V.

FUGO TRAN, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF THE KUTE BAR, LLC AND AFFILIATED ENTITIES, Appellees

On Appeal from the 160th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-23-05355. Opinion delivered by Justice Partida-Kipness. Justices Goldstein and Miskel participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees FUGO TRAN, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF THE KUTE BAR, LLC AND AFFILIATED ENTITIES recover their costs of this appeal from appellants C&G ALL SOLUTIONS, INC., BECKY BINH NGUYEN, TRANG THUY DANG, AND LE GIANG TRAN.

Judgment entered this 30th day of October, 2024.